UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

ATTORNEYS OF RECORD:
    IAN B. BOGATY, ESQ.
    KATHRYN J. BARRY, ESQ.

------------------------------------------------------------X

RASHA AREF,

                      Plaintiff,

        -against-                        Case No. 19-cv-05029

BAY ORTHOPEDICS &                   (JS)(ARL)
REHABILITATION SUPPLY and CAROL
MANGINO,

                      Defendants.

------------------------------------------------------------X

TO:    Rasha Aref
         *PLAINTIFF PRO SE*
         10 Fig Place
         Bay Shore, New York 11706

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Bay Orthopedic & Rehabilitation Supply Co., Inc. (sued incorrectly herein as "Bay Orthopedics & Rehabilitation Supply") ("Defendant Bay Orthopedic") and Carol Mangino ("Defendant Mangino"), by and through their counsel, Jackson Lewis P.C., hereby respond to the allegations in Plaintiff's Complaint as follows:

### As to Paragraph I(A) "The Plaintiff(s)"

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1(A).

### As to Paragraph I(B) "The Defendant(s) No. 1"

Defendants admit that Defendant Mangino is employed at 616 East Jericho Turnpike, Huntington Station, New York 11746, but otherwise deny the allegations contained in Paragraph I(B).

### As to Paragraph I(C) "Place of Employment"

Defendants admit that Defendant Bay Orthopedic maintains a location at 616 East Jericho Turnpike, Huntington Station, New York 11746.

### As to Paragraph II "Basis for Jurisdiction"

Defendants deny Plaintiff's claim of discrimination under Title VII of the Civil Rights Act of 1964, stated as the sole basis for jurisdiction, and all allegations contained in the Complaint.

### As to Paragraph III "Statement of Claim"

Defendants deny Plaintiff's claims herein and all allegations contained in the Complaint.

### As to Paragraph III(A)

As to Plaintiff's allegation that "The discriminatory conduct of which I complain in this action includes Termination of my employment, Retaliation, [and] discriminatory racial remarks", Defendants deny all such claims and any allegations made by Plaintiff related to such claims.

### As to Paragraph III(B)

As to Plaintiff's allegation that "It is my best recollection that the alleged discriminatory acts occurred on date(s) started 9/2016 through 2/2017", Defendants deny that any alleged discriminatory acts occurred and otherwise deny any allegations contained in Paragraph III(B).

### As to Paragraph III(C)

As to Plaintiff's allegation that "I believe that defendant(s) is/are still committing these acts against me," no allegation is set forth in Paragraph III(C), and thus no answer is required.

### As to Paragraph III(D)

As to Plaintiff's allegation that "Defendant(s) discriminated against me based on my race (Arab), color (White), religion (Muslim), [and] national origin (Egyptian)", Defendants deny that any alleged discrimination occurred and otherwise deny any allegations contained in Paragraph III(D).

### As to Paragraph III(E)

Defendants deny all allegations of discrimination, including, but not limited to, the following allegations set forth in Paragraph III(E):

1. As to the "first" sentence, wherein it is alleged that "discriminatory remarks said out loud in office", Defendants deny the allegations contained in such sentence.

2. As to the "second" sentence, wherein it is alleged that "placing me in non-working conditions", Defendants deny the allegations contained in such sentence.

3. As to the "third" sentence, wherein it is alleged that "harassing me and lying to the unemployment court judge (via letters)", Defendants deny the allegations contained in such sentence.

4. As to the "fourth" sentence, wherein it is alleged that "pay cut + hours without notice (see paycheck)", Defendants deny the allegations contained in such sentence.

5. As to the "fifth" sentence, wherein it is alleged "took advantage of me for her business then fired me immediately after", Defendants deny the allegations contained in such sentence.

6. As to the "sixth" sentence, wherein it is alleged "making up stories of using office equipment and eating + drinking at desk (via letters) to unemployment; blocked payments for months (had battled me for 9 months after termination)", Defendants deny the allegations contained in such sentence.

### As to Paragraph IV "Exhaustion of Federal Administrative Penalties"

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph IV of the Complaint, including the allegations contained in sub-paragraphs A, B and C thereof.

### As to Paragraph V "Relief"

Defendants deny that Plaintiff suffered any damages or is entitled to or can recover any relief in this action.

### As to Paragraph VI, "Certification and Closing"

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph VI.

### As to Paragraph VI(A) "For Parties Without an Attorney"

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph VI(A).

### ADDITIONAL AVERMENTS

Defendants deny all claims and allegations not unequivocally admitted hereinabove.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendants, Defendants assert the following defenses.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants with regard to Plaintiff's employment, or the terms or conditions thereof, were based upon legitimate, non-discriminatory and non-retaliatory business reasons or for cause and would have been taken regardless of Plaintiff's race, color, religion, national origin, or alleged engagement in protected activity, or any other characteristic protected by law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff engaged in misconduct prior to or during her employment which would have resulted in denial of employment or termination, said acts or omissions been known to Defendants, any relief awarded to Plaintiff should be reduced, in whole or in part, due to Plaintiff having engaged in such misconduct.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to make good faith and diligent efforts to mitigate her purported damages or was unable to do so for any reason any relief awarded to Plaintiff should be reduced, in whole or in part.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because (a) Defendants exercised reasonable care to prevent and correct promptly any discriminatory behavior, and, (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

All claims should be dismissed to the extent they are barred by applicable statutes of limitation, administrative filing periods, or the doctrine of laches.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

In the event it is concluded that a prohibited factor motivated any discriminatory or retaliatory act against Plaintiff, the same act(s) would have been undertaken even absent the alleged discriminatory or retaliatory motive and, as such, no relief or recovery should be awarded.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are compensable, in whole or in part, under the New York Workers' Compensation Law, those claims are barred by the exclusive remedy provision contained in the New York Workers' Compensation Law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, to the extent that it is barred by Plaintiff's failure to fulfill or exhaust statutory administrative or jurisdictional prerequisites to suit or to the extent Plaintiff's claims exceed the scope of the administrative charge she filed.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The allegations against Defendant Mangino must be dismissed to the extent Defendant Mangino was not Plaintiff's employer, and to the extent the statutes under which Plaintiff purports to state a claim do not provide for claims against individuals.

### RESERVATION OF RIGHT TO SUPPLEMENT AFFIRMATIVE DEFENSES

Defendants reserve the right to supplement these Affirmative Defendants as additional information becomes known through the course of discovery.

**WHEREFORE**, Defendants respectfully requests that the Court:

a.  dismiss the Complaint in its entirety, with prejudice;

b.  deny each and every demand and claim for relief contained in the Complaint;

c.  award Defendants reasonable attorneys' fees and costs; and,

d.  grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       January 25, 2019

                                      Respectfully submitted,

                                      JACKSON LEWIS P.C.
                                      *ATTORNEYS FOR DEFENDANTS*
                                      58 S. Service Road, Suite 250
                                      Melville, New York  11747
                                      (631) 247-0404

                        By:         */s/*

                                      IAN B. BOGATY, ESQ.
                                      KATHRYN J. BARRY, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2019 **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules and the Eastern District's Rules on Electronic Service and forwarded to the following party via Overnight Mail:

Rasha Aref<br>
*PLAINTIFF PRO SE*<br>
10 Fig Place<br>
Bay Shore, New York 11706

_____
KATHRYN J. BARRY, ESQ.

4845-5434-1510, v. 1